United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | Case No. 19-cr-20718-Altman |
| ) | |
| Dave Pascal, Defendant ) | |

### Order Denying Motion to Set Bond

  This matter is before the Court following a hearing on November 28, 2023 on the Defendant Dave Pascal's motion to set bond pending adjudication of the Defendant's alleged violation of his supervised release. (ECF No. 71.) The Court heard argument from counsel for the Defendant and the government. For the reasons discussed below, the Defendant Dave Pascal's motion is **denied** and the Defendant is ordered **detained** pending hearing on the alleged supervised release violation. (**ECF No. 71**.)

  On July 30, 2020, Mr. Pascal was sentenced to thirty months in prison for one count of conspiracy to commit access device fraud and one count of aggravated identity theft, followed by three years of supervised release, which began on January 23, 2023. On May 7, 2023, Mr. Pascal was driving a vehicle in Broward County around 4:00a.m. when his vehicle collided with another vehicle, killing Mr. Pascal's passenger and injuring individuals traveling in the other vehicle. Mr. Pascal ultimately consented to a blood test, which showed a blood alcohol content of .068 (below the legal limit) as well as a substance found in over-the-counter sleep aids. Mr. Pascal has been charged in Florida state court with one count of DUI/Manslaughter, two counts of DUI with property damage/injury, and two additional counts of DUI property damage. Mr. Pascal's counsel argues that Mr. Pascal's May 7, 2023 conduct did not violate the law and will challenge both the state prosecution and the allegation that he violated his federal supervised release. The government claims, based on the state case and the police reports from the May 7 incident, that Mr. Pascal is a danger to the community and should be detained pending the resolution of the merits of the supervised release violation. The police reports include allegations that Mr. Pascal lied to responding officers at least twice, specifically regarding the identity of the passenger in the Mr. Pascal's vehicle and about whether Mr. Pascal consumed any substances prior to the accident.

  When considering pre-trial detention (or as in this case, detention pending resolution of the alleged violation of supervised release), the Court must decide whether there are conditions of release that will reasonably assure

the appearance of the defendant and protect the safety of any other person or the community. *See* 18 U.S.C. § 3142(e). Factors relevant to this inquiry are: (1) the nature and circumstances of the offense(s), including whether the offense(s) are a crime of violence or involve a narcotic drug, (2) the weight of the evidence, (2) the history and characteristics of the defendant and (4) the nature and seriousness of the danger posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

With regards to dangerousness, the Government must present clear and convincing evidence that no conditions of release will reasonably assure the safety of any other person or the community. *United States v. Rodriguez*, 897 F. Supp. 1461, 1464 (S.D. Fla. 1995). A finding of *either* danger to the safety of any other person or the community *or* risk of flight is sufficient to detain the defendant pending trial. *United States v. King*, 849 F.2d 485, 488 (11th Cir. 1988). If, based on the evidence presented, no conditions will reasonably assure the defendant's presence or the safety of any other person or the community, then the Court must order detention. *See* 18 U.S.C. § 3142(e). Conversely, if there are conditions that will ensure the appropriate safeguards, then the Court must release the defendant subject to these conditions. *See id.* at § 3142(c).

The Court finds that no condition or combination of conditions on Mr. Pascal's release will reasonably assure the safety of others and the community. *See* 18 U.S.C. § 3142(e). Although Mr. Pascal does not appear to pose a risk of flight, the nature and seriousness of the alleged violation of his supervised release are sufficient to establish that Mr. Pascal poses a danger to the community if released. Mr. Pascal is accused of five counts of driving under the influence and related violations, including manslaughter due to the death of the passenger in his car. The passengers in the other car involved in the accident also sustained injuries. Mr. Pascal's blood test showed that he was technically under the legal limit for blood alcohol content but that he may have also been under the influence of an over-the-counter sleep aid such as NyQuil. Furthermore, Mr. Pascal's demonstrated willingness to violate his supervised release and make misstatements to law enforcement officers shows that no set of conditions exists that would reasonably assure the safety of others.

It is therefore ordered that:
(1) The Defendant Dave Pascal's motion to set bond is **denied** (**ECF No. 71**);
(2) Mr. Pascal is to remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;
(3) Mr. Pascal must be afforded reasonable opportunity for private consultation with counsel; and

(4) on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Mr. Pascal is confined deliver the person to a United States marshal for the purpose of an appearance in connection with a court proceeding when required.

**Done and ordered** in Miami, Florida on November 28, 2023.

_____
Robert N. Scola, Jr.
United States District Judge